UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

MICHAEL J. WILLIG,

                                              **Plaintiff,**

                     v.                                  1:12-CV-1649
                                                     (FJS/RFT)

**DAVID SWARTS**, Former Commissioner of
the New York State Department of Motor
Vehicles, Individually; **THE NEW YORK
STATE DEPARTMENT OF MOTOR
VEHICLES; ANTHONY RAINVILLE,**
New York State Department of Motor
Vehicles Investigator; and **WILLIAM CORP**,
New York State Department of Motor
Vehicles Investigator,

                                              **Defendants.**
_____

**APPEARANCES**                                    **OF COUNSEL**

**LAW OFFICE OF ERIC SCHNEIDER**      **ERIC SCHNEIDER, ESQ.**
41 Pearl Street
Kingston, New York 12402
Attorneys for Plaintiff

**OFFICE OF THE NEW YORK STATE**       **JAMES B. MCGOWAN, AAG**
**ATTORNEY GENERAL**                          **RACHEL M. KISH, AAG**
The Capitol
Albany, New York 12224
Attorneys for Defendants

**SCULLIN, Senior Judge**

**MEMORANDUM-DECISION AND ORDER**

**I. INTRODUCTION**

Michael J. Willig ("Plaintiff"), who is a resident of New York State, brings this case against Defendant David Swarts, who was the duly appointed commissioner of the New York State Department of Motor Vehicles at the time of the incidents complained of herein, as well as Defendant New York State Department of Motor Vehicles ("DMV"), a department of New York State, and Defendants Anthony Rainville and William Corp ("Defendant investigators"), who were investigators with the DMV. Plaintiff alleges five causes of action under 42 U.S.C. § 1983, to wit (1) against Defendant investigators and DMV for unreasonable search and seizure in violation of the Fourth Amendment, (2) against Defendant investigators and DMV for deprivation of property without due process of law in violation of the Fifth Amendment, (3) against Defendants Corp and DMV for false arrest in violation of the Fourth Amendment, (4) against Defendant Corp for malicious prosecution in violation of the Fourth Amendment, and (5) against Defendant DMV for failure to supervise (*Monell* liability).

**II. BACKGROUND**

Plaintiff alleges in his complaint that, on the morning of September 21, 2009, Defendant investigators entered the premises of Plaintiff's restaurant without a search warrant and inspected Plaintiff's Harley Davidson motorcycle. One of the Defendant investigators informed Plaintiff that he believed the vehicle identification number ("VIN") on the engine of Plaintiff's motorcycle had been altered and that it did not match the VIN number on the frame of the motorcycle.

Defendants impounded Plaintiff's motorcycle at that time. Thereafter, on November 10, 2009, Plaintiff was arrested for violation of New York Penal Law § 170.70 for illegal possession of a vehicle identification number. On May 14, 2010, the criminal charge against Defendant was dismissed.

Plaintiff alleges that an unnamed "ADA" instructed Defendant DMV to return Plaintiff's motorcycle apparently at or about the time she requested the case against Plaintiff be dismissed. Plaintiff alleges that despite an order, apparently by a Queensbury Town Judge, to the effect that Defendants should return Plaintiff's motorcycle to Plaintiff, Defendant DMV still refused to do so. Plaintiff alleges that on July 1, 2010, Defendant DMV filed an Article 78 proceeding in Warren County Supreme Court, apparently opposing the Queensbury Town Judge's order to return Plaintiff's motorcycle. Plaintiff alleges that on September 30, 2010, a Warren County Supreme Court judge denied Defendant DMV's Article 78 motion, but Defendant DMV still refused to return Plaintiff's motorcycle. Plaintiff alleges that "only upon facing the sanction of [c]ontempt," did Defendant DMV return Plaintiff's motorcycle on November 3, 2010. Plaintiff alleges that his motorcycle had not been properly cared for in Defendant DMV's custody and was "significantly damaged."

Currently before the Court is Defendants' motion for summary judgment dismissing Plaintiff's complaint in its entirety with prejudice.

### III. DISCUSSION

As an initial matter, the Court will address Plaintiff's claims against the New York State Department of Motor Vehicles. The Eleventh Amendment bars 42 U.S.C. § 1983 suits against the State and its agencies. *See* U.S. CONST. amend. XI; *see also Jones v. New York State Metro*

*D.D.S.O.*, 543 F. App'x 20, 22 (2d Cir. 2013) (holding that "the State of New York has not waived sovereign immunity from suits for damages under Section 1983 . . . [and, therefore,] the Eleventh Amendment bars [the plaintiff's] claims under [§ 1983]"). Accordingly, the Court grants Defendants' motion for summary judgment regarding all of Plaintiff's claims against Defendant DMV.

A.   *Summary judgment standard of review*

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  In making this determination, the court must view the evidence in the record and draw all reasonable inferences in the light most favorable to the non-moving party.  *See Consol. Risk Servs., Inc. v. Auto. Dealers WC Self Ins. Trust*, No. 1:06–CV–871, 2010 WL 2735701, *3 (N.D.N.Y. July 9, 2010) (citation omitted).

Furthermore, Local Rule 7.1(a)(3) of the Local Rules of Practice of the Northern District of New York requires a party moving for summary judgment to submit a statement of material facts with specific citations to the record where those facts are established.  *See* N.D.N.Y. L.R. 7.1(a)(3); *cf. Youngblood v. Glasser*, No. 9:10-CV-1430, 2012 WL 4051846, *4 (N.D.N.Y. Aug. 22, 2012) (noting Local Rule 7.1(a)(3)'s underlying purpose "is to assist the court in framing the issues and determining whether there exist any triable issues of fact that would preclude the entry of summary judgment" (citation and footnote omitted)).  The non-moving party's subsequent response must mirror the moving party's statement of material facts by (1) admitting and/or denying each of the moving party's factual assertions in matching numbered paragraphs and (2)

supporting any denials with specific citations to the record where the factual issue arises. *See* N.D.N.Y. L.R. 7.1(a)(3). Importantly, "[t]he Court shall deem admitted any properly supported facts set forth in the [moving party's] Statement of Material Facts that the [non-moving] party does not specifically controvert." *Id.* Finally, this Court's "Local Rules requirements are not empty formalities." *Bombard v. Gen. Motors Corp.*, 238 F. Supp. 2d 464, 467 (N.D.N.Y. 2002) (stating that "[t]he courts of the Northern District have adhered to a strict application of Local Rule 7.1(a)(3)'s requirement on summary judgment motions" (citations omitted)).

In this case, Defendants satisfied Local Rule 7.1(a)(3) by providing a six-page "Statement Pursuant to Rule 7.1(a)(3)," replete with citations to the record in each of its thirty-five paragraphs. **See** Dkt. No. 15-2. Plaintiff, however, responded with a nine-page "Statement Pursuant to Rule 7.1(a)(3)" that failed to address Defendants' factual assertions in mirroring numbered paragraphs. *See* Dkt. No. 21-1. Since Plaintiff did not specifically controvert Defendants' Statement Pursuant to Rule 7.1(a)(3) in accordance with Local Rule 7.1(a)(3), the Court will accept the factual assertions Defendants set forth in their Statement as true to the extent that the evidence in the record supports these facts. *See Aktas v. JMC Dev. Co., Inc.*, 877 F. Supp. 2d 1, 5 n.3 (N.D.N.Y. 2012) (accepting the third-party defendants' statement of material facts as true because the defendant/third-party plaintiff failed to respond to it in accordance with Local Rule 7.1(a)(3) (citations omitted)).

Therefore, the Court accepts as undisputed fact that Defendant investigators Rainville and Corp were driving on River Street on the morning of September 21, 2009, at approximately 10:30 a.m. Their attentions were drawn to a motorcycle in the restaurant's parking lot. The motorcycle was an older Harley Davidson that appeared to have been customized and modified since its original manufacture. Defendant investigators pulled into the parking lot and conducted

a visual inspection of the motorcycle. They discovered that the VIN on the frame of the motorcycle, referred to as the "public VIN," was not visibly apparent. The VIN on the engine had a suspicious character: one number had been stamped over another number. The motorcycle was missing a federal certification label. Because the motorcycle did not appear to have a public VIN, because the engine VIN appeared altered, and because the motorcycle had no federal certification label, Defendant investigators decided to impound the vehicle pursuant to New York Vehicle and Traffic Law ("NY VTL") § 423-a.

**B.** *Plaintiff's first cause of action for unreasonable search and seizure*

Plaintiff argues that Defendant investigators' entry into his parking lot and examination of his motorcycle therein is an unconstitutional search and seizure in violation of his Fourth Amendment rights. *See* Dkt. No. 21-2, Plaintiff's Memorandum of Law at 11-12.

Under the traditional property-rights approach to the Fourth Amendment, Plaintiff would have to show that "an unlicensed physical intrusion . . . took place in a constitutionally protected area" in order to establish such a claim. *Florida v. Jardines*, 133 S. Ct. 1409, 1415 (2013). The protection of the Fourth Amendment extends only to areas enumerated in the precise language of the Amendment itself: "persons, houses, papers, and effects." *See id.* (citations omitted). Plaintiff asserts the Fourth Amendment's protection not for his home or its surroundings, otherwise known as the curtilage of his home, but for a parking lot adjacent to his business. In doing so, Plaintiff seeks an extension of the Fourth Amendment's privacy interest similar to that for which a criminal defendant asked the Southern District of New York in *United States v. Parrilla*. *See* No. 13 Cr. 360, 2014 WL 2111680, *3 (S.D.N.Y. May 13, 2014). In *Parrilla*, a criminal defendant argued that police officers conducted an unlawful warrantless search when

they allowed a narcotics dog to sniff the premises surrounding a business and detect the odor of narcotics emanating from contraband inside the building. *See id*. As the Southern District noted in *Parrilla*, "the area surrounding a business has never been considered part of the business itself, and the concept of curtilage is limited to the home." *Id.* at *4. The *Parrilla* court cited *Dow Chemical Co. v. United States*, where the Supreme Court found "'the intimate activities associated with family privacy and the home and its curtilage'" simply do not reach "'the outdoor areas or spaces between structures and buildings of a manufacturing plant[.]'" *Id.* at *5 (quoting 476 U.S. 227, 236 (1986)). The District Court further reasoned that, "[u]nlike interior areas where business may be conducted in private, the [business's exterior] is unenclosed, accessible to the public via a short driveway, open to public view, and used for visitors and customers to come and go." *Id.* Based on this reasoning, the Southern District declined to extend a "business curtilage" protection in *Parrilla*.

The facts in this case are strikingly similar. The parking lot, in which Defendant investigators viewed the motorcycle, was immediately adjacent to the public road and was at least as "accessible to the public" as the building exterior under consideration in *Parrilla*, which itself was accessible via a short driveway. *See id.* Therefore, Plaintiff cannot establish that Defendant investigators' entry into his parking lot was an unconstitutional physical trespass into his property.[1]

---

[1] Plaintiff also alleges that, at the time Defendant investigators entered his parking lot, his business had not yet opened to the public. If Plaintiff means to imply that a business curtilage protection should arise outside of normal business hours, the Court finds this argument similarly unpersuasive. The search under consideration in *Parrilla* occurred at 9:00 PM, and while the Southern District did not directly address whether the hour of the day had any effect on the privacy rights associated with the business's surroundings, the court did note favorably a decision in which the District Court for the District of Maryland was unmoved by a criminal defendant's argument that a business curtilage protection applied to the parking lot of a chemical

Likewise, to the extent that Plaintiff is attempting to argue that Defendant investigators' entry and inspection of his motorcycle violated his reasonable expectation of privacy, the facts of this case are insufficient to establish such a claim. The Supreme Court has held that "[w]hat a person knowingly exposes to the public, even in his own home or office, is not subject to Fourth Amendment protection." *Katz v. United States*, 389 U.S. 347, 351 (1967) (citations omitted). The inquiry, therefore, is two-fold: "whether the [Plaintiff] had a subjective expectation of privacy; and second, whether that expectation of privacy is one that society accepts as reasonable." *United States v. Hamilton*, 538 F.3d 162, 167 (2d Cir. 2008) (citations omitted).

Here, by placing his motorcycle in an open parking lot adjacent to his business, Plaintiff has not manifested even a subjective expectation of privacy. Even if Plaintiff believed, as his filings imply, that no customers would enter his parking lot while his restaurant was closed, his motorcycle was still clearly visible from the road and certainly would be visible by any customer or other member of the public who would enter the parking lot during business hours. Moreover, the absence of a federal certification label and a public VIN on the frame of the motorcycle would have been apparent to any passersby. Even if Plaintiff claims that he subjectively believed that no one would look at his motorcycle in the parking lot, this would not give rise to a reasonable expectation of privacy. "[R]easonable expectations of privacy in commercial premises" are, as the Southern District wrote in *Parrilla*, "simply lower than those in a home[.]" *Parrilla*, 2014 WL 2111680, at *9. For this reason, courts typically decline to extend the Fourth Amendment's expectation of privacy protection beyond the home. *See, e.g.*, *United States v. Johnson*, 42 F. App'x 959, 962 (9th Cir. 2002) (holding that a warrantless thermal imaging search of a barn was not an illegal warrantless search because *Kyllo v. United States*, which

---

plant "after business hours." *See Parrilla*, 2014 WL 2111680, at *5 (citing [*United States v. Hayden,*] 140 F. Supp. 429, 431, 435 (D. Md. 1956)) (other citation omitted).

8

prohibited such searches on Fourth Amendment grounds, "applies only to a home" (citing *Kyllo v. United States*, 533 U.S. 27, 121 S. Ct. 2038, 150 L. Ed. 2d 94 (2001)).

Accordingly, the Court finds that Defendant investigators' entry into Plaintiff's parking lot and search and seizure of the motorcycle within plain view did not violate Plaintiff's Fourth Amendment rights.

**C.** ***Plaintiff's second cause of action for deprivation of property without due process of law***

The Court will view Plaintiff's second cause of action broadly to read a claim for failure to return property. It is not disputed that Plaintiff's motorcycle displayed evidence of an altered engine VIN, no federal certification label, and no public VIN on September 21, 2009, and therefore was subject to seizure pursuant to NY VTL § 423-a(1)(a).[2] Therefore, after impounding the vehicle, and following examination and investigation, including consultation with a representative from Harley Davidson, Defendants determined that the engine VIN's alteration was in fact a rare factory error. Defendants informed Plaintiff of this fact and that, because the motorcycle was registered to him under the engine VIN, he could retrieve the motorcycle's engine but not the rest of the motorcycle.[3] Plaintiff declined to retrieve the engine.

---

[2] "Members of the state police, any local police department or any peace officer acting pursuant to his special duties shall seize and confiscate a motor vehicle or trailer if any original identification number or special identification number is destroyed, removed, altered, defaced or so covered as to be effectually concealed." N.Y. Veh. & Traf. Law § 423-a(1)(a).

[3] The NY VTL also allows the DMV to transfer a motor vehicle with an unidentifiable VIN number back to its owner. Such a transfer may only occur once the agency retaining the vehicle "has made findings that such owner had no knowledge that the part was unidentifiable and that such owner was neither responsible for rendering such part unidentifiable nor acting in concert with any person who rendered or had such part rendered unidentifiable." *See* N.Y. Veh. & Traf. Law § 423-a(3)(c).

In light of NY VTL § 423-a(1)(a), Defendant investigators were legally justified in retaining Plaintiff's motorcycle pending the outcome of their investigation into its apparently altered VIN and lack of a federal certification label. Plaintiff has made no factual allegations that any of the individual Defendants personally refused to return Plaintiff's motorcycle after the Town Court dismissed the criminal action regarding the identification of Plaintiff's motorcycle. Therefore, this Court grants Defendants' motion for summary judgment with regard to Plaintiff's second cause of action.

**D.**  *Plaintiff's third cause of action for false arrest*

"There can be no federal civil rights claim for false arrest where the arresting officer had probable cause." *Singer v. Fulton Cnty. Sheriff*, 63 F. 3d 110, 118 (2d Cir. 1995) (citation omitted). There is no dispute that Plaintiff's arrest occurred after Defendant Corp inspected Plaintiff's motorcycle and found that one VIN number appeared to be missing, another appeared to have been overstamped, and a Federal Certification Label appeared to be missing. *See* Corp Decl. at ¶¶ 17-18; Rainville Decl. at ¶ 17. According to NY VTL § 423-a(1)(b), law enforcement officers are authorized to arrest the supposed owner or custodian of vehicles upon which an identification number has been destroyed, removed, altered, defaced or so covered as to be effectually concealed. *See* N. Y. Veh. & Traf. Law § 423-a(1)(b). This evidence alone would have given Defendants probable cause to arrest Plaintiff, regardless of whether the Town Court judge later decided to dismiss his case in the interests of justice. Therefore, this Court grants Defendants' motion for summary judgment with regard to Plaintiff's third cause of action.

**E.**     *Plaintiff's fourth causes of action for malicious prosecution*

The elements of a malicious prosecution cause of action are "(1) the initiation or continuation of a criminal proceeding against plaintiff; (2) termination of the proceeding in plaintiff's favor; (3) lack of probable cause for commencing the proceeding; and (4) actual malice as a motivation for defendant's actions." *Russell v. Smith*, 68 F. 3d 33, 36 (2d Cir. 1995). Here, Plaintiff cannot establish the third element of the cause of action because Defendants had probable cause to prosecute him for the reasons stated above. Accordingly, this Court grants Defendants' motion for summary judgment with regard to Plaintiff's fourth cause of action.

**F.**     *Plaintiff's claims against Defendant Swarts in his individual capacity*

Plaintiff names Defendant Swarts as a defendant in this suit in his individual capacity. *See* Complaint at 1-2. However, Plaintiff does not allege any facts from which a reasonable jury could conclude that Defendant Swarts was personally involved in the constitutional wrongdoing that he alleges. *See generally*, Complaint; *see also Samuels v. Selsky*, 166 F. App'x 552, 556 (2d Cir. 2006) (citation omitted). Furthermore, for the reasons that the Court has already stated, Plaintiff has failed to allege facts that would support his claims that any of the Defendants engaged in activities that violated his constitutional rights. Accordingly, this Court grants Defendants' motion for summary judgment with regard to all of Plaintiff's claims against Defendant Swarts in his individual capacity.

## IV. CONCLUSION

Having reviewed the entire file in this matter, the parties' submissions, and the applicable law, and for the above-stated reasons, the Court hereby

**ORDERS** that Defendants' motion for summary judgment dismissing Plaintiff's complaint in its entirety, *see* Dkt. No. 15, is **GRANTED**; and the Court further

**ORDERS** that the Clerk of the Court shall enter judgment in favor of Defendants and close this case.

**IT IS SO ORDERED**

Dated: August 28, 2015
Syracuse, New York

Frederick J. Scullin, Jr.
Senior U.S. District Judge